**Opinion issued May 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00222-CV

———————————

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, NAVIGATORS INSURANCE COMPANY, VALIANT INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, NEW YORK MARINE & GENERAL INSURANCE COMPANY, AND NATIONAL LIABILITY & FIRE INSURANCE COMPANY, Appellants**

**V.**

**HELIX ENERGY SOLUTIONS GROUP, INC., Appellee**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2012-08257**

---

**MEMORANDUM OPINION**

Appellants, Indemnity Insurance Company of North America, Navigators Insurance Company, Valiant Insurance Company, XL Specialty Insurance Company, New York Marine & General Insurance Company, and National Liability & Fire Insurance Company, attempt to appeal from interlocutory orders signed February 11, 2013. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Appellants indicate that they intend for this appeal to be a permissive appeal, but that the trial court has not yet granted permission to appeal.

Following the amendments to section 51.014 of the Texas Civil Practice and Remedies Code in 2011 and the related amendments to Texas Rule of Civil Procedure 168 and Texas Rule of Appellate Procedure 28.3, in cases filed after September 1, 2011, the following must occur in order for a permissive appeal to properly be before this Court: the trial court must issue a written order encompassing both the order to be appealed and the written permission required by Civil Practice and Remedies Code § 51.014(d), the appellant must timely file a petition for permission to appeal with this Court subsequent to the signing of the trial court's order, and this Court must grant the petition for permission to appeal.

*See* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)–(f) (West Supp. 2012); *see also* Notes and Comments, TEX. R. APP. P. 28.3.

According to appellants, the trial court has not granted appellants permission to appeal the February 11, 2013 interlocutory orders. Appellants have also not met the additional requirements for bringing a permissive appeal from an interlocutory order. *See* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)–(f); *see also* Notes and Comments, TEX. R. APP. P. 28.3. Accordingly, this Court does not have jurisdiction over the appeal. *See* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)–(f); *see also* Notes and Comments, TEX. R. APP. P. 28.3.

On March 29, 2013, we ordered appellants to file a response showing grounds for continuing the appeal by April 8, 2013, or the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants have not filed a response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

### PER CURIAM

Panel consists of Justices Jennings, Brown, and Huddle.